IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELVIN WIAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1433-D |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Melvin Wiand, appearing *pro se*, filed a Federal Rule of Criminal Procedure 41(g) motion for return of a Gateway CPU Western Digital hard disk drive that was seized and administratively forfeited during the investigation and prosecution of his criminal case. *See* Dkt. No. 2. Because criminal proceedings against Plaintiff concluded before he filed the motion, the Court construed Plaintiff's motion as a civil action for return of property pursuant to 28 U.S.C. § 1331. *See* Dkt. No. 1 (citing *Clymore v. United States,* 217 F.3d 370, 373 (5th Cir. 2000)). Defendant then filed a motion to dismiss or, in the alternative, for summary judgment, which Chief Judge Fitzwater referred to the undersigned for hearing, if necessary, and recommendation. *See* Dkt. Nos. 17 & 21. Plaintiff filed a response on July 19, 2013, *see* Dkt. No. 22, and the motion is now ripe for consideration.

For the reasons set forth herein, Defendant's motion should be granted.

**Background**

As part of the plea agreement entered in his criminal case, Plaintiff stipulated

that the hard disk drive at issue in this civil proceeding was subject to criminal forfeiture pursuant to 18 U.S.C. § 2254, consented to criminal or civil forfeiture of the hard disk drive, and agreed that he would not file claims to or challenge the forfeiture of the property in any administrative or judicial proceedings. *See* Dkt. No. 18 at 5-6. The plea agreement contains the following provisions with regard to the Western Digital hard disk Drive:

> Wiand agrees this property was used or intended to be used to commit or to promote the commission of the violation of 18 U.S.C. § 2252A as alleged in Count One of the Indictment. Wiand agrees to forfeit this property to the government in federal administrative and/or judicial (criminal or civil) forfeiture proceedings in accordance with 18 U.S.C. §§ 2253 and/or 2254; 21 U.S.C. § 853; 18 U.S.C. §§ 981, 983, and/or 985; the Code of Federal Regulations; and/or 19 U.S.C. §§ 1607- 1609.
>
> * * *
>
> Wiand waives, and agrees to the tolling of, any rule or provision of law limiting the time for commencing, or providing notice of, any administrative and/or judicial (civil or criminal) forfeiture proceedings with respect to this property, including those set out in 18 U.S.C. §§ 983 and/or 985; 19 U.S.C. § 1621; and/or any other applicable statute of limitations. Wiand consents to the entry of orders of forfeiture for this property and waives any requirements of Rules 7, 32.2, and/or 43(a) of the Federal Rules of Criminal Procedure regarding any criminal forfeiture proceedings.
>
> * * *
>
> <u>Wiand waives all challenges (constitutional, statutory, habeas, etc.) to any administrative and/or judicial (civil or criminal) forfeiture of this property</u> and agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of this property.

*Id.* (emphasis added). Plaintiff does not deny that he freely and voluntarily agreed to this waiver of rights as part of his criminal case.

Instead, Plaintiff asserts that the agreement only permits the government to forfeit the property in the criminal proceeding. Because the government dismissed the forfeiture count of the indictment, and because Plaintiff asserts that the initial seizure of the hard drive was improper, he contends that he is not barred from seeking return of the property or its appraised value. *See* Dkt. No. 22 at 3-4.

## Analysis

Although it is true that the government did not pursue criminal forfeiture, the dismissal of that count of the indictment occurred because the property in question had already been administratively forfeited. *See United States v. Wiand*, No. 3:07-cr-352-M, Dkt. Nos. 44 & 45. The administrative nature of the forfeiture does nothing to invalidate Plaintiff's voluntary and unambiguous agreement to waive "all challenges (constitutional, statutory, habeas, etc.) to any administrative and/or judicial (civil or criminal) forfeiture of this property" and "to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of this property." Dkt. No. 18 at 6. This clear language bars Plaintiff's civil lawsuit seeking return of the property or reimbursement for the value of the hard drive. *See, e.g.*, *Solis v. Pruit*, 212 F.3d 595 (Table), 2000 WL 423389, at *1 (5th Cir. Apr. 4, 2000) (affirming the summary dismissal of civil lawsuit seeking return of forfeited drug proceeds due to waiver contained in plaintiff's criminal plea agreement). Accordingly, Defendant's motion should be granted.

## Recommendation

Defendant's motion to dismiss or, in the alternative, motion for summary

judgment [Dkt. No. 17] should be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 16, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE